**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DENISE HUBER LINDEMANN,

    Petitioner,

v.                                                    CASE NO. 8:06-CV-419-T-30MSS

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

## O R D E R

This matter is before the Court for consideration of Petitioner's Motion Compelling [a] Decision on Petitioner's Voluntary Dismissal (Dkt. 18). Petitioner, an inmate in the Florida penal system proceeding *pro se*, initiated this cause of action by filing a petition for federal habeas relief pursuant to 28 U.S.C. §2254 challenging her 2004 convictions for DUI manslaughter, aggravated battery on a pregnant person, battery on a law enforcement officer, and disorderly conduct entered by the Sixth Judicial Circuit Court, Pasco County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 15), and Petitioner has filed a reply thereto (Dkt. 17).

In her reply, Petitioner agrees with Respondent that the claims presented in her petition lack merit and seeks leave to voluntarily dismiss this matter (Dkt. 17). Plaintiff states that after researching the law, she has determined that the relief she seeks is not available under §2254. Respondents have not filed in opposition to Petitioner's request to voluntarily dismiss her petition.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion Compelling [a] Decision on Petitioner's Voluntary Dismissal (Dkt. 18) is **GRANTED**.

2. This action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[1]

3. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2007.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner/Counsel of Record

SA:jsh

---

[1] The dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). *See also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").